[This decision has been published in *Ohio Official Reports* at 91 Ohio St.3d 1263.]

THE STATE OF OHIO *v.* SCOTT.

[Cite as *State v. Scott*, 2001-Ohio-99.]

*Criminal law—Aggravated murder—Death penalty—Stay of execution granted.*

(No. 85-1209—Submitted April 12, 2001—Decided April 17, 2001.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 48609.

ON MOTIONS for Stay of Execution.

───────────────

{¶ 1} At 7:39 p.m. this evening, April 17, 2001, this court received a copy of a journal entry submitted by the court of appeals. The entry requests this court to stay execution of sentence in this matter to allow the court of appeals time to thoroughly and completely address the issues raised on appeal.

{¶ 2} IT IS ORDERED by the court that the execution of sentence is stayed until further order of this court, and the court of appeals is ordered to file its decision with the Clerk of this court no later than 5:00 p.m. on April 20, 2001.

MOYER, C.J., DOUGLAS, RESNICK, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

PFEIFER, J., concurs separately.

F.E. SWEENEY, J., not participating.

───────────────

**PFEIFER, J., concurring.**

{¶ 3} I concur with the court's decision to grant a stay to allow the court of appeals to render its decision. This case raises several issues that are before Ohio's courts for the first time, issues that deserve the deliberate and thorough consideration of the appellate court, and ultimately of this court.

{¶ 4} R.C. 2949.28(B)(2) states that upon receiving notice of the apparent insanity of a convict sentenced to death, "a judge shall determine * * * whether

probable cause exists to believe that the convict is insane." The trial judge's findings of fact, dated April 16, 2001, state that "Jay D. Scott has failed to show probable cause that he fits the definition of an insane person as outlined in [R.C.] 2949.28(A)." It is possible that the statute and, through no fault of his own, the trial judge have misplaced the burden of proof.

{¶ 5} In *Ford v. Wainwright* (1986), 477 U.S. 399, 410-412, 106 S.Ct. 2595, 2602-2603, 91 L.Ed.2d 335, 346-348, the Supreme Court of the United States stated:

"The Eighth Amendment prohibits the State from inflicting the penalty of death upon a prisoner who is insane. * * *

"* * *

"* * * In capital proceedings generally, this Court has demanded that factfinding procedures aspire to a heightened standard of reliability. This especial concern is a natural consequence of the knowledge that execution is the most irremediable and unfathomable of penalties; that death is different.

"Although the condemned prisoner does not enjoy the same presumptions accorded a defendant who has yet to be convicted or sentenced, he has not lost the protection of the Constitution altogether; if the Constitution renders the fact or timing of his execution contingent upon establishment of a further fact, then that fact must be determined with the high regard for truth that befits a decision affecting the life or death of a human being. Thus, the ascertainment of a prisoner's sanity as a predicate to lawful execution calls for no less stringent standards than those demanded in any other aspect of a capital proceeding. Indeed, a particularly acute need for guarding against error inheres in a determination that 'in the present state of the mental sciences is at best a hazardous guess however conscientious.' That need is greater still because the ultimate decision will turn on the finding of a single fact, not on a range of equitable considerations." (Citations omitted.)

**{¶ 6}** Whether *Wainwright* requires the state to establish beyond a reasonable doubt that a convict about to be executed is not insane is arguable. It is clear, however, that the burden is not upon the convict to prove that he is insane. This issue is new to Ohio's courts because this is the first case involving an involuntary execution to proceed to this stage since the reinstatement of the death penalty in 1981. The granting of a stay will enable the court of appeals to determine whether R.C. 2949.28(B)(2) violates the Constitution of the United States by placing the burden of proof on the convict.

**{¶ 7}** Section 9, Article I of the Ohio Constitution states that "[e]xcessive bail shall not be required; nor excessive fines imposed; nor cruel and unusual punishments inflicted." Even though the quoted language is exactly the same as that contained in the Eighth Amendment to the United States Constitution, this court has never determined that these words mean the same thing. To the contrary, this court has stated:

"The Ohio Constitution is a document of independent force. In the areas of individual rights and civil liberties, the United States Constitution, where applicable to the states, provides a floor below which state court decisions may not fall. As long as state courts provide at least as much protection as the United States Supreme Court has provided in its interpretation of the federal Bill of Rights, state courts are unrestricted in according greater civil liberties and protections to individuals and groups." *Arnold v. Cleveland* (1993), 67 Ohio St.3d 35, 616 N.E.2d 163, paragraph one of the syllabus. See, also, *People ex rel. Arcara v. Cloud Books, Inc.* (1986), 68 N.Y.2d 553, 557, 510 N.Y.S.2d 844, 846, 503 N.E.2d 492, 494 ("The Supreme Court's role in construing the Federal Bill of Rights is to establish minimal standards for individual rights applicable throughout the Nation. The function of the comparable provisions of the State Constitution, if they are not to be considered purely redundant, is to supplement those rights to meet the needs and expectations of the particular State.").

**{¶ 8}** I believe that granting a stay will enable the appellate court to determine whether R.C. 2949.28(B)(2) violates Section 9, Article I of the Ohio Constitution by placing the burden of proof on the convict.

**{¶ 9}** The second and separate issue advanced for consideration is whether the Constitution of the United States or the Ohio Constitution prohibits the execution of a person with a diagnosed severe mental illness. In his findings of fact, the trial judge stated that "Mr. Scott suffers from Chronic, Undifferentiated Schizophrenia. Chronic Undifferentiated Schizophrenia is a 'severe mental illness.' " The record indicates that the effects of Scott's schizophrenia are intermittent and controllable by medication.

**{¶ 10}** This issue is novel and is certainly not frivolous. A stay will enable the appellate court to determine whether Section 9, Article I of the Ohio Constitution prohibits the execution of a person with a severe mental illness. Guidance from the Supreme Court of the United States as to the protections offered the mentally ill facing imminent execution would be helpful on this issue, but, again, our Constitution has independent force, and the court of appeals and this court should not avoid our duty to interpret the Ohio Constitution as it applies to the main issue directly raised by Scott.

**{¶ 11}** A separate issue that has not been raised is whether it is constitutional to execute a mentally ill convict whose mental illness is being controlled by medication. A further constitutional complication could arise if the medication were being administered against the will of the convict. It is deeply troubling to consider that the state could execute a person who would be protected by the Constitution if he or she were not forcibly medicated. (The record indicates that Scott has not been on medication for at least six weeks.)

**{¶ 12}** *Wainwright* clearly states that the insane may not be executed, but it is unclear when the determination of sanity must be made. Irrespective of *Wainwright*, I conclude that the Ohio Constitution requires that whenever there is

an indication of mental illness, an independent psychiatric examination of the convict about to be executed must be performed within one week of the execution date. Absent such an examination, there is no way to know whether the convict is insane as he or she prepares to receive society's ultimate punishment.

_____

*Gold, Schwartz & Co., L.P.A.,* and *John S. Pyle; Law Office of Timothy Farrell Sweeney* and *Timothy F. Sweeney*, for movant, Jay D. Scott.

*Betty D. Montgomery,* Attorney General, *David M. Gormley*, State Solicitor, and *James V. Canepa*, Assistant Attorney General; *William D. Mason*, Cuyahoga County Prosecuting Attorney, and *L. Christopher Frey*, Assistant Prosecuting Attorney, for state of Ohio.

_____